John L. Labein, J.
Dino Alessi and Marilyn Alessi brought a motion in the nature of an article 78 proceeding, seeking mandamus relief against, the State of New York and Arthur Levitt. In the original decision of this court (Supreme Court, Albany County, Special Term, Nov. 27, 1972, Calendar No. 14, dated Feb. 9, 1973), the petition was dismissed as' against the State of New York and granted in respect to Arthur Levitt, unless the Attorney-General moved in the Court of Claims to vacate or modify the judgment which was the subject of the instant motion. The Attorney-General then moved before Mr. Justice Conway, by order to show cause, to reargue. The matter was referred to this court and reargument was granted. The respondents appeared by Edward Marks, Senior Attorney for the Attorney-General of the State of New York. There was no appearance by Dino and Marilyn Alessi.
*716 The problem was brought about by an apparent discrepancy between the amount of a judgment in the Court of Claims and the amount that the Alessis were paid pursuant to that judgment. Judgments entered in the Court of Claims, in some instances, do not truly reflect the amount of money which is properly due to a successful claimant in an appropriation case. In this instance, judgment was entered in the Court of Claims in July of 1972 for $56,908.80, which amount included interest computed in the judgment itself. The State of New York, through the Comptroller, paid to the claimants a sum of money which was $2,586.29 less than the judgment. The claimants moved to compel the Comptroller to pay the amount of the judgment.
The State contends that ‘ ‘ there was a substantial suspension of interest which did not appear on the record before the Court (the Court of Claims) when it made the award and judgment The position of the State is succinctly .set forth in the brief of the Attorney-General in which it is stated ‘' the petition is based upon the erroneous assumption that the claimant, as a judgment creditor, is entitled to payment of the full amount shown on the face of the judgment and full interest thereon, less amounts already paid ”.
In January, 1969, the petitioners, or their assignor, and the Department of Transportation, executed an agreement of partial payment whereby it was agreed that the State of New York would pay the claimants the sum of $30,525, and interest as therein provided, in partial payment. In accordance with the partial payment agreement, the papers required to be executed by the claimants were delivered to them on April 16, 1969. The papers are required to be executed by the claimants and returned to the Attorney-General in accordance with certain provisions of the agreement. The partial payment agreement in regard to interest provides that interest is payable on the partial payment award for 30 days after the closing papers are transmitted to the claimants and if the closing papers are not returned to the Attorney-General within 30 days, interest is suspended from that time until they are returned, in this instance, from June 30, 1972 to September 1, 1972.
The Judge in the Court of Claims hearing the claim is not told the amount of the partial payment, lest it influence, in some manner, his determination of the true value of the property in question. It naturally follows that he is also not fold of the payment of the partial payment, nor of any suspension of interest because of the failure of the claimants to return the *717 papers pursuant to the agreement. Therefore, when the Judge makes his award, interest is computed by the Court of Claims and inserted in the judgment so that the filed judgment in that particular case includes the award of the court, together with the accrued interest. It does not anywhere reflect the suspension of interest.
When the Comptroller, pursuant to that judgment, pays the claimants in accordance with the judgment, he deducts therefrom the amount of the partial principal payment, which he had previously paid, and the interest which he had previously paid. He then pays the balance of the judgment, less the amount .representing the suspension of interest for the claimants’ failure to return the papers in accordance with the terms of the partial payment agreement. Therefore, there is a difference in the amount of the judgment and the total amount which the Comptroller determines to be due the claimants (Court of Claims Act, § 20, subd. 9).
This court is satisfied that the Comptroller has paid the amount due to the claimants. However, it is also true that the claimants have a judgment against the State of New York, determined by the Court of Claims, in an amount greater than the amount they receive.
While this court will not presume to dictate the manner in which judgments in the Court of Claims should be prepared, nevertheless, this seems hardly a satisfactory arrangement. This court can see no valid reason why the ultimate judgment in the Court of Claims should not reflect the correct amount due to the claimants for the award, together with the proper amount of interest, taking into consideration any suspension of interest which might have occurred.
Although in the instant case the claimants have not received the full amount of the judgment in the Court of Claims, it is apparent that they have received the full amount due them. The original decision of this court, dated February 9, 1973, is recalled and on the motion to reargue, and on the reargument, the petition is dismissed.